## MURTES v. NEW ORLEANS PUBLIC SERVICE, Inc.
### No. 15039.

Court of Appeal of Louisiana. Orleans.
Jan. 7, 1935.

W. J. & H. W. Waguespack, of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

JANVIER, Judge.

In this action ex delicto, William J. Murtes, a prospective passenger, seeks judgment against New Orleans Public Service, Inc., for injuries he sustained on the morning of April 4, 1933, when, at the rear step of a street car of defendant at the corner of Esplanade avenue and Tonti street, he fell to the ground.

He charges that the car had stopped to take on passengers, and that he had placed upon the rear platform a one-gal'on can of paint and, in an effort to board the car, had then placed his right foot upon the step, and that, "while his right foot was upon the step and his left foot still on the ground and he was attempting to lift up his left foot, the motorman started said car suddenly with great violence and speed, thereby throwing petitioner's body with great force unto the paved street. * * *"

Defendant carrier denies that the car had been brought to a stop, and charges that, before it reached the usual stopping place, Murtes attempted to board it while it was still moving, and that he slipped and "fell to the pavement a very few feet before the car stopped at the regular spot on the far side of Tonti Street."

In the district court there was judgment for defendant, the judge a quo having reached the conclusion that "the accident was caused through the negligence of the plaintiff in boarding the street car while it was in motion."

It will be readily seen that only a question of fact is involved, i. e.: Did the car start prematurely, as Murtes was attempting to board it, or did Murtes attempt to board it before it reached the usual stopping place and while it was yet in motion? The car was not equipped with a vestibule door, which automatically operates as the step is raised or lowered, so it would have been possible for a passenger to do what Murtes is charged with having done.

In a most voluminous record we find nothing to indicate that our brother below was in

error in accepting defendant's version of the affair as the correct one. On the contrary, all of the evidence which is believable corroborates that version, and any other conclusion than that reached in the district court would have been manifestly erroneous. We quite agree with the statement found in the reasons given by the trial judge that "the two witnesses produced by the plaintiff and who were passengers in an automobile were not present at the scene of the accident."

We see no reason to discuss the evidence at length. It is overwhelmingly in favor of defendant.

The judgment appealed from is affirmed at the cost of plaintiff.

Affirmed.